**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ESTATE OF DONOVAN L. LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF COLUMBUS, OHIO, *et al.*, <br><br> Defendants. | Case No. 2:24-cv-01841 <br><br> Judge Michael H. Watson <br><br> Magistrate Judge Kimberly A. Jolson |

## DEFENDANT CHIEF ELAINE BRYANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Chief Elaine Bryant, named as a defendant in her official capacity as the Chief of Police for, and thus an employee of, the City of Columbus (the "City") and following the close of the pleadings, hereby moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Complaint contains a single cause of action, a so-called *Monell* claim asserted under 42 U.S.C. § 1983, for municipal liability brought against both the City and Chief Bryant, in her official capacity, based on purported policies or customs of the City or the Columbus Division of Police. Complaint, ECF No. 1, ¶¶ 224-231. The law is clear—such an official capacity suit as against Chief Bryant is to be treated as a claim against the City. As a result, when an identical claim is asserted against both the City and against a City employee in her official capacity, the claim against the employee is redundant and fails as a matter of law. The arguments in support of this Motion are fully set forth in the attached Memorandum in Support and are fully incorporated herein.

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

This case concerns the August 30, 2022 police-involved shooting and death of Donovan Lewis ("Mr. Lewis"). Plaintiff, Rebecca Duran, is the mother of Mr. Lewis and the administrator of his estate. Plaintiff filed a state-court lawsuit in February 2023 against a number of the Columbus Police Officers who were involved in the incident. That action proceeds as to then-Columbus Police Officer Ricky R. Anderson, who fired his weapon during the incident, while Plaintiff has dismissed her claims against the other involved Columbus Police Officers.

Through the Complaint in this case, Plaintiff asserts a single claim under 42 U.S.C. § 1983 against the City and its Chief of Police, Chief Elaine Bryant. Complaint, ECF No. 1, ¶¶ 224-231. That claim alleges that Mr. Lewis's constitutional rights were violated on August 30, 2022 and that those purported violations were the result of official policies or customs of the City and/or its Division of Police. *Id.*, ¶¶ 228-229. As reflected in their answer to the Complaint, filed on May 21, 2024, the City and Chief Bryant generally deny those allegations.

Chief Bryant separately files this Motion because, separate and apart from any dispute as to the facts alleged, Plaintiff's claim against Chief Bryant is redundant of her identical claim against the City and thus legally infirm. As a result, Chief Bryant seeks the entry of judgment in her favor as to the sole claim against her. This Motion does not address Plaintiff's claims as against the City, which will remain pending.

**II.    LAW AND ARGUMENT**

    **A.     Applicable Legal Standard**

A motion for judgment on the pleadings, under Fed. R. Civ. P. 12(c), "generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Est. of Bost v. Franklin*

*Cnty.*, No. 2:22-cv-4476, 2023 U.S. Dist. LEXIS 207450, at *2 (S.D. Ohio Nov. 20, 2023) (internal citation omitted). Thus, in evaluating such a motion "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true" and a claim survives a Rule 12(c) motion "if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at *2-*3 (internal citation omitted).

### B. Plaintiff's Sole Claim Against Chief Bryant Is Redundant and Fails as a Matter of Law

Following the guidance of the Sixth Circuit Court of Appeals and the United States Supreme Court, this Court recognizes that "a section 1983 action against a city official in his or her official capacity is treated as an action against the City entity itself." *Speedy Mulch LLC v. Gadd*, No. 2:03-cv-651, 2006 U.S. Dist. LEXIS 6661, at *13, n. 5 (S.D. Ohio Feb. 22, 2006) (quoting *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)). As a result, such claims are, "in all respects other than name, claims against the entity, not against individuals in their official capacity." *Sams v. Franklin Cnty.*, No. 2:19-cv-05330, 2022 U.S. Dist. LEXIS 44204, at *20-21 (S.D. Ohio Mar. 14, 2022) (internal citation omitted); *see also Graham*, 473 U.S. at 166. The only purpose of such official capacity claims is to serve as "another way of pleading an action against an entity of which an officer [or employee] is an agent." *Id.* (internal citation omitted); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991).

But when the municipal entity employer is also named as a defendant, such official capacity suits serve no purpose at all and "courts regularly dismiss as redundant claims against agents in their official capacities when the principal [municipal] entity is also named as a defendant in the suit." *Waddell v. Lewis*, No. 1:22-cv-635, 2024 U.S. Dist. LEXIS 43620, at *5 (S.D. Ohio Mar. 12, 2024) (internal citation omitted); *see also Baar v. Jefferson Cnty. Bd. of Educ.*, 476 Fed. App'x

3

621, 634 (6th Cir. 2012); *First Baptist Church v. Waterford Twp.*, 522 Fed. App'x 322, 327 (6th Cir. 2013); *Sams*, 2022 U.S. Dist. LEXIS 44204, *20-21. Courts have similarly granted motions for judgment on the pleadings on the same basis because such redundant official capacity Section 1983 claims "fail as a matter of law." *Brown v. Montgomery Cnty. Bd. of Comm'rs*, No. 3:21-cv-269, 2023 U.S. Dist. LEXIS 48213, at *8 (S.D. Ohio Mar. 21, 2023) (noting that the plaintiff "correctly acknowledges that her official capacity claims against the individual Defendants are redundant of her claims against Montgomery County and that such redundant claims are regularly dismissed by courts within the Sixth Circuit.").

Plaintiff asserts only a single claim within the Complaint—a Section 1983 *Monell* claim—against both Chief Bryant and the City. Complaint, ECF No. 1, ¶¶ 224-231. Chief Bryant is named as a defendant solely in her official capacity, as is clear from both the caption of the Complaint and the heading of the Complaint's sole cause of action. *Id.*, pp. 1, 34. Thus, this is a textbook example of a redundant Section 1983 claim asserted both against the City, Chief Bryant's employer, and Chief Bryant, in her official capacity as a City employee. As outlined above, such redundant official capacity claims fail as a matter of law and are regularly dismissed. The Court should grant the Motion and grant judgment as to Chief Bryant as to the sole claim asserted in the Complaint.

**III.     CONCLUSION**

As outlined herein, the official-capacity claim against Chief Bryant is entirely redundant of the identical claim against the City. The Court should grant the Motion and grant Chief Bryant judgment as to the sole claim asserted against her in this action.

4

Respectfully submitted,

/s/ David J. Dirisamer
Westley M. Phillips (0077728) – LEAD
Alana V. Tanoury (0092265)
Dexter W. Dorsey (0097657)
David J. Dirisamer (0092125)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
avtanoury@columbus.gov
dwdorsey@columbus.gov
djdirisamer@columbus.gov

*Attorneys for Defendants*

5

Case: 2:24-cv-01841-MHW-KAJ Doc #: 8 Filed: 05/22/24 Page: 6 of 6  PAGEID #: 89

## CERTIFICATE OF SERVICE

I hereby certify that, on **May 22, 2024**, I electronically filed the foregoing with the Court using the Court's CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

/s/ David J. Dirisamer
David J. Dirisamer (0092125)
