UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Estate of Donovan L. Lewis,**
by and through its Administrator,
Rebecca Duran,

      **Plaintiff,**                                **Case No. 2:24-cv-1841**

      **v.**                                              **Judge Michael H. Watson**

**City of Columbus, Ohio,** *et al.,*        **Magistrate Judge Jolson**

      **Defendants.**

## OPINION AND ORDER

This case arises from the August 2022 killing of Donovan Lewis by City of Columbus Division of Police ("CPD") Officer Ricky Anderson ("Officer Anderson"). *See generally* Compl., ECF No. 1. Mr. Lewis's estate ("Plaintiff") sued in this Court, asserting a claim for municipal liability under 42 U.S.C. § 1983 against the City of Columbus (the "City") and CPD Chief Elaine Bryant ("Chief Bryant") in her official capacity. *Id.* ¶¶ 224–31. Shortly thereafter, Chief Bryant moved for judgment on the pleadings as to the claim against her. ECF No. 8.

Before Chief Bryant's motion was fully briefed, the Fraternal Order of Police, Capital City Lodge No. 9 ("FOP")—the collective bargaining representative for two CPD bargaining units—moved to intervene as a Defendant in the case. ECF No. 11. The Court denied the FOP's request without prejudice, ECF No. 19; the FOP appealed, ECF No. 20; and the Court granted the parties' joint request to stay the case pending that appeal, ECF No. 23. Then, in

November 2025, the Sixth Circuit ruled on the FOP's appeal, reversing this Court's denial of intervention. ECF Nos. 28 (opinion), 29 (mandate).

Accordingly, the FOP's motion to intervene as a Defendant, ECF No. 11, is **GRANTED**. With the FOP's appeal no longer pending, the Court **LIFTS** the stay in this case. The Court now turns to Chief Bryant's motion for judgment on the pleadings, ECF No. 8, which is ripe for consideration. For the reasons below, the motion is **DENIED WITHOUT PREJUDICE**.

## I.  STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted).

To survive a motion for judgment on the pleadings, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555–56 (internal citations omitted).

"In ruling on a motion for judgment on the pleadings, the Court considers the pleadings, which include[ ] the complaint, answer, and any written instruments attached as exhibits." *Cluck v. Brentlinger Enters., Inc.*, No. 2:22-CV-290, 2022 WL 3223936, at *2 (S.D. Ohio Aug. 10, 2022) (citations omitted). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 484 (6th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)).

## II. ANALYSIS

Chief Bryant urges the Court to dismiss Plaintiff's official-capacity § 1983 claim against her because the claim "is redundant of [Plaintiff's] identical claim against the City and thus legally infirm." ECF No. 8 at PAGEID # 85. In response, Plaintiff concedes that its claim against Chief Bryant is redundant but contends that redundancy alone is an insufficient basis for dismissal and emphasizes its right to "determine what claims to allege and how to allege them." ECF No. 15 at PAGEID # 357. Although the Court agrees that Plaintiff's official-capacity claim is redundant and could be dismissed as such, it declines to dismiss the claim at this early stage of the proceedings.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]" *Monell*, 436 U.S. at 691 n.55; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official[.]" (citations omitted)); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (citation omitted)); *Porter v. City of Columbus*, No. C2-06-1055, 2008 WL 202891, at *6 (S.D. Ohio Jan. 22, 2008) ("A § 1983 action against a municipal official in his or her official capacity is treated as an action against the municipality entity itself." (citing *Shamaeizadeh v. Cunigan,* 338 F.3d 535 (6th Cir. 2003))).

Here, Plaintiff asserts one § 1983 claim against Chief Bryant, solely in her official capacity. *See* Compl., ECF No. 1 at PAGEID ## 1, 34. Plaintiff asserts the same claim against the City. *Id.* Consequently, the Court concurs with the parties that the official-capacity claim against Chief Bryant, though permissible under *Monell*, is duplicative. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 659 (1978) ("Local governing bodies (*and local officials sued in their official capacities*) can, therefore, be sued directly under § 1983 for monetary, declaratory, and injunctive relief[.]" (emphasis added)); *Porter v. City of Columbus*, No. C2-06-1055, 2008 WL 202891, at *6 (S.D. Ohio Jan. 22, 2008) ("*Monell* and its progeny, however, clearly recognize and condone official

capacity claims against local government employees, and the courts routinely countenance such lawsuits.").

The Sixth Circuit has yet to specifically decide whether courts must dismiss official-capacity § 1983 claims against employees where the local government entity is also a party to the case. On one hand, district courts in this circuit "regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit." *Waddell v. Lewis*, No. 1:22-CV-635, 2024 WL 1071900, at *2 (S.D. Ohio Mar. 12, 2024) (citation omitted); *see also* ECF No. 16 at PAGEID ## 363–64 (citing cases). And the Sixth Circuit has affirmed such dismissals. *See, e.g.*, *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013) (affirming district court's dismissal, through granting of partial judgment on the pleadings, of official-capacity claims because "they were in actuality claims against the Township of Waterford, which is itself a defendant," making the claims "superfluous").

On the other hand, not all courts in this circuit are inclined to so quickly dismiss duplicative official-capacity claims. *See, e.g.*, *Porter*, 2008 WL 202891, at *6 (acknowledging that "Plaintiff's claims against the individual Defendants in their official capacities are duplicative of those made against the City of Columbus" but denying motion for judgment on the pleadings because "Defendants have provided no binding authority from the Supreme Court or the [Sixth Circuit] from which this Court could conclude that dismissal of the official

capacity claims against the Defendants is proper").[1] Indeed, "numerous courts in this district have found redundancy—alone—to be an insufficient cause for dismissal." *Doe No. 1 v. Springboro Cmty. City Sch. Dist. Bd. of Educ.,* No. 1:19-CV-785, 2021 WL 1516157, at *3 (S.D. Ohio Apr. 15, 2021) (citing cases); *see also id.* ("[T]he simple fact that some of the plaintiff's claims are redundant does not mean that their dismissal is required under Rule 12(b)(6) . . . [and a] claim that is redundant is not necessarily invalid." (emphasis and citations omitted)); *see also, e.g., Updike v. Jonas,* 700 F. Supp. 3d 597, 604 (S.D. Ohio 2023) ("[T]he Court also finds no affirmative mandate in the relevant (but admittedly mixed) caselaw or the Federal Rules of Civil Procedure requiring dismissal on redundancy grounds[.]").

At least one unpublished Sixth Circuit decision has suggested that the early dismissal of official capacity-claims on the basis of redundancy is not preferred. *See Baar v. Jefferson Cnty. Bd. of Educ.,* 476 F. App'x 621, 635 (6th Cir. 2012). Although it ultimately affirmed the district court's dismissal of official-capacity § 1983 claims as duplicative, the Sixth Circuit in *Baar* seemed to note that such a dismissal only on redundancy grounds before the district court addressed the entity's liability was premature and inconsistent with precedent. *Id.* ("Had the district court addressed JCBE's liability first, and then addressed the

---

[1] *But see King v. City of Columbus,* No. 2:18-cv-1060, 2019 U.S. Dist. LEXIS 59274, at *5–6 (S.D. Ohio Apr. 5, 2019) (decision by same Judge who decided *Porter* granting judgment on the pleadings as to claims against the City's then-police chief in her official capacity that were "redundant and subsumed by the claims against the City").

official-capacity claims against the individual Defendants, it would have comported with several decisions of this court that approved the dismissal of official-capacity claims against individual defendants where the government entity is a party[.]"); *see also id.* at 636 ("Under [the cited] authorities and given that the district court (*albeit after dismissing the official-capacity claims against the individuals*) properly determined that JCBE was not liable as a matter of law, we find no error." (emphasis added)); *cf. Updike*, 700 F. Supp. 3d at 604 (finding no requirement to dismiss "on redundancy grounds" at the "preliminary juncture" of a motion to dismiss and recognizing that "such dismissals appear to typically occur in the summary judgment phase of proceedings"); *Bible v. Unknown Party*, No. 21-1770, 2022 U.S. App. LEXIS 18057, at *3 (6th Cir. Jun. 29, 2022) (affirming district court's dismissal of "redundant" official-capacity claim when district court also dismissed claims against county for failure to state a claim).

Considering these authorities and the nature of this case, the Court declines at this time to grant judgment on the pleadings to Chief Bryant on Plaintiff's official-capacity claim against her solely on redundancy grounds. The Court has not yet addressed or been asked to consider the City's liability. Nor has Chief Bryant challenged the merits of Plaintiff's claim (beyond filing an Answer, ECF No. 7). At the pleadings stage, the Court does not find it necessary to dismiss the official-capacity claim merely because Plaintiff also asserts the claim against the City. Thus, the Court **DENIES** Chief Bryant's request but does so without prejudice and subject to renewal at a later stage of the proceedings.

## III. CONCLUSION

Because the Sixth Circuit has decided the FOP's appeal, the stay in this case is **LIFTED**. And, for the foregoing reasons, Chief Bryant's motion for judgment on the pleadings, ECF No. 8, is **DENIED WITHOUT PREJUDICE**.

Additionally, in light of the Sixth Circuit's decision, the FOP's motion to intervene, ECF No. 11, is **GRANTED**. The FOP is now a Defendant in this case. *See Moses v. City of Perry, Mich.*, 90 F.4th 501, 505 (6th Cir. 2024) ("[A] nonparty does not become a party until the district court grants the motion to intervene." (citations omitted)); *United States v. Bd. of Cnty. Commissioners of Hamilton Cnty., OH*, No. 1:02 CV 00107, 2005 WL 2033708, at *12 (S.D. Ohio Aug. 23, 2005) ("[A]s an intervenor . . . the Sierra Club is a party to this case able to litigate fully on the merits."); *cf. Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (observing that "a party to litigation" is one who "become[s] a party by intervention, substitution, or third-party practice." (citation omitted)).

The parties are **ORDERED** to file a joint status report and proposed case schedule identifying the next steps in this case, particularly those with respect to the FOP as an intervening Defendant, **WITHIN FOURTEEN DAYS** of the date of this Opinion and Order.

The Clerk **SHALL** terminate ECF No. 8 as a pending motion.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**